# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> v. : Criminal No. 07-304 (EGS) <br> : <br> PHILLIP DAVIS, : <br> BRIAN DAVIS, : <br> : <br> Defendants. : | |

### GOVERNMENT'S MOTION
### TO INTRODUCE 404(B) EVIDENCE AT TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to introduce evidence of other crimes at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. In support of this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter.

1. The indictment charges the defendants with multiple counts of bank robbery stemming from the participation by one or both defendants in three bank robberies and one attempted bank robbery in the District of Columbia between September 4, 2007, and September 17, 2007.

2. Phillip Davis is charged in Count Three of the indictment with the attempted robbery on September 17, 2007, of the Wachovia Bank located at 1300 Connecticut Ave., N.W., Washington, D.C. During the attempted robbery, which took place at 2:16 p.m., the assailant passed a note to the teller that was written in red ink. Photographs of the assailant were obtained from the bank's surveillance system.

3. Phillip Davis and Brian Davis are charged in Count Four of the indictment with the robbery on the same day, less than an hour later, of the PNC Bank located at 650 Pennsylvania Ave., S.E, Washington, D.C. During the robbery, one of the assailants, later identified as Phillip Davis, passed an envelope containing a deposit slip to the teller, while a second assailant, later identified

2

as Brian Davis, stood nearby. A note on the deposit slip, which was written in red ink, said words to the effect, "Give me $2000. Stay calm. Relax. Nobody will get hurt." Surveillance videos captured footage of the assailants both inside and outside the bank.

4.      At trial, the government expects that the defendants will deny involvement in the robberies. The following additional evidence therefore is relevant to the inquiries that a jury will be required to make regarding the defendants' identities, as well as their preparation and planning for, and their intent to participate in, the robberies:

> On September 17, 2007, at approximately 1:15 p.m., an attempted robbery took place at a PNC Bank in Oxon Hill, Maryland. One assailant, later identified as Phillip Davis, approached the teller and presented a deposit slip for $2500 and a handwritten note demanding money. Both were written in red ink. The note stated, "Do not panic. Follow my orders! No red dye packet. $2500! No one gets hurts [sic]." The teller had to go to a different station in order to comply with the demand. However, while the teller was retrieving the money, the assailant apparently became restless and left the bank without obtaining any money. Before and during the attempted robbery, a second assailant, later identified as Brian Davis, waited both inside and outside the bank. Surveillance video captured footage of the assailants. That footage reflects the assailants wearing what appears to be the same clothing as the assailants are wearing in the charged robberies committed later that same day. In addition, Phillip Davis's fingerprints were recovered from the demand note and deposit slip.

<u>Applicable Case Law</u>

5.      Fed. R. Evid. 404(b) permits the introduction of others crimes that are extrinsic to the crimes charged to prove a material issue other than character, including motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident. "Rule 404(b) is a rule of inclusion rather than exclusion." *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000). "[U]nder Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character." *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir.), *cert. denied*, 498 U.S. 825 (1990).

6.      The D.C. Circuit in *Bowie* described the analysis the Court must undertake in deciding whether to admit other crimes evidence:

3

> A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity. If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403. Stated more formally, a Rule 404(b) objection will not be sustained if: 1) the evidence of other crimes or acts is relevant in that it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed.R.Evid. 401; 2) the fact of consequence to which the evidence is directed relates to a matter in issue other than the defendant's character or propensity to commit crime; and 3) the evidence is sufficient to support a jury finding that the defendant committed the other crime or act, *see Huddleston v. United States*, 485 U.S. 681, 689-90, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

232 F.3d at 930. In assessing the relevance of other acts evidence, the court "neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence." 485 U.S. at 690. As to the probative value of such evidence, the court should consider "the similarity of the bad act with the charged offense, the time separating the two events, and the prosecution's need for the evidence." *United States v. Lavelle*, 751 F.2d 1266, 1277 (D.C. Cir.), *cert. denied*, 474 U.S. 817 (1985) (citations and footnote omitted), *abrogated on other grounds by Huddleston*, 485 U.S. at 687, n. 5.

7.  The proffered evidence that the defendants together participated in an attempted bank robbery within hours of the charged bank robberies is relevant to show the defendants' identities and also that the defendants planned and intended to participate in the charged robberies together. *See United States v. Lawson,* 410 F.3d 735, 741 (D.C. Cir. 2005) (evidence of uncharged bank robbery committed the day after charged robbery properly admitted under Rule 404(b) because they "shared sufficient characteristics to permit an inference of identity"). The Maryland attempted bank robbery involved conspirators who were wearing the same clothes as those who participated in the charged offenses, occurred within hours of the charged offenses, and took place in generally the same manner as the charged offenses. As a result, the evidence is more probative than prejudicial and should be

**4**

admitted.  *See id.*

      8.      For the foregoing reasons, the government respectfully requests that the court admit the above-described evidence at the trial of this case.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney

By:         /s/
                    ANGELA G. SCHMIDT
                    Assistant United States Attorney
                    555 4th St., N.W., 4th floor
                    Washington, D.C. 20530
                    (202) 514-7273
                    angela.schmidt@usdoj.gov